**FILED**
HARRISBURG, PA

APR 1 5 2008

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD H. MIDDLETON, Jr,      *
    Movant,                            Case No. 1:CR-00-228-02
                               *
v.                                 MOTION
                               *
UNITED STATES OF AMERICA,          REDUCTION OF SENTENCE
    Respondent.                *  18 U.S.C. § 3582(c)(2)

                               *

    COMES NOW RICHARD H. MIDDLETON, Jr., ("Movant") pro se and moves this Honorable Court pursuant to 18 U.S.C. § 3582(c)(2), and Amendment 709 of the United States Sentencing Guidelines ("USSG"), to reduce his sentence.

### STATEMENT OF CASE

Procedural posture:

    In March of 2001, after a plea of guilty, movant was sentenced to a 200 month federal prison sentence for Carjacking in violation of 18 U.S.C. § 2119, and Bank Robbery in violation of 18 U.S.C. § 2113(a). Movant did not take a direct appeal nor has movant filed for collateral relief pursuant ot 28 U.S.C. § 2255.

### MEMORANDUM IN SUPPORT

    On November1, 2007, Amendment 709 became effective. The Amendment addresses the use of misdemeanors and petty offenses in determining a defendants criminal history score. Essentially, the Amendment responds to concerns that (1) some misdemeanor and petty offenses counted under the guidelines involve conduct that is not serious enough to warrant increased punishment upon sentencing for a subsequent offense; (2) the presence of a prior

misdemeanor or petty offense in a rare case, as in the instant matter, can effect the sentence in the instant offense in a way that is greatly disproportionate to the seriousness of the prior offense.

In the case at bar movant had just turned 18 years old when indicted in the Middle District of Pennsylvania for the instant offenses. For sentencing purposes, the probation department used two (2) prior juvenile convictions in calculating movant's criminal history category ("CHC"); see, presentence report ("PSR") ¶'s 58 & 59.

Movant was assessed two (2) criminal history points under §58. Paragraph 58 is a juvenile conviction for Theft. The PSR narrative regarding this conviction clearly states that movant was **14 years old** when he and another took a registration plate from a vehicle. While not minimizing the seriousness the transgression, there is a question of the degree of violation, i.e., there is no indication from the PSR narrative whether the violation is a felony, which would seem unlikely; or, if the violation was a misdemeanor; instead, there is a brief two sentence description regarding the offense, and while not dispositive in connection with criminal history points, the probation department devotes an entire descriptive paragraph of movant's problems in juvenile home placement subsequent to the conviction in ¶58. At any rate, ¶58 would seem to fall squarely under Amendment 709's concerns regarding conduct upon the instant sentencing.

Paragraph 59 of the PSR indicates that movant was assessed 1 criminal history point pursuant to § 4A1.2(d)(2)(B), for Conspiracy/Burglary. (See PSR, page 10). Movant was seventeen years of age when this offense and conviction took place. Again, not to minimize the seriousness of the crime, after reading the conduct described in ¶59 it appears , more than likely, the crime was one of youthful folly rather than a crime with serious criminal intent. Nonetheless, the probation department seems intent on describing what took place while movant was on probation for the conduct rather than the conduct of offense. At any rate, ther has been no formal disposition of the case as described in ¶59, therefore, movant contends this conduct too falls under the parameters of Amendment 709.

In the case at bar, movant's **CHC** was determined to be **IV**. This category was based on a finding of **9** criminal history points, which **3** of the **9** points were the result of ¶'s 58 & 59. Movant's total offense level was determined to be **33**. An offense level **33** together with a **CHC IV** exposed movant to prison sentence of **188–235** months, ultimatley movant was sentenced to **200** months. If this Court were to apply Amendment 709 to the instant case and deduct the **3** point total for ¶'s 58 & 59, movant's CHC would be **III** with a prison exposure of **168–210** months. Considering that movant's instant sentence of 200 months is in the middle range, if Amendment 709 were applied movant could reasonably expect and this Court coudl resentence movant to **180 months (middle range), or 168 months (low end),** or even below the guideline range.

3

## RELEVANT FACTORS FOR CONSIDERATION OF SENTENCE REDUCTION

The factors to be considered in conjunction with the now advisory guidelines when a court imposes a prison sentence are found in 18 U.S.C § 3553(a).

Section 3553(a) provides in relevant part

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-
(A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct

(C) to protect the public from further crimes of of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

(3) the kinds of sentences available;
18 U.S.C. § 3553(a)(West Supp. 2007)

In the case sub judice if the instance sentence were reduced pursuant to Amendment 709 it would satisfy all § 3553(a) factors with emphasis on factor (D). Attached to this Motion are copies of eductaional, psychological, and vocational certificates of completion which movant has diligently pursued since his incarceration. Additionally, there is a copy of a letter from the victims of movant's criminal conduct which both forgives and commends movant for his post-rehabilitative efforts.

Finally, there is the relevant factor of movant's youth and his home life. At movant's initial probation interview for presentence purposes he intimated that his family life was favorable with no family dysfunction (see PSR, ¶'s 75-77, pages

14-15), however, as both attached affidavits indicate, this was far from the truth. Movant was under constant emotional and physical abuse at the hands of his crack addicted father, and would have admitted this to the probation interviewer if not for the fear that siblings would suffer and he would, somehow, suffer further abuse.

As noted movant's significant youthfulness while not a factor in 2001, the year of the instant sentencing, can be looked upon as a factor for a downward departure in 2008 if this Court were to apply Amendment 709 in the instant matter.

### CONCLUSION

Movant takes the position he has demonstrated that Amendment 709 applies to his case. Moreover, movant prays that in the interest of justice that this Court reduce his sentence to the low end range of 168 months or lower.

Respecfullly submitted,

RICHARD   H.   MIDDLETON,Jr.
#10249-067

cc:  clerk of court

U.S. Attorney's Office
Harrisburg, PA

file(gLs)

IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD H. MIDDLETON, Jr.        §
                                 §
v.                               §   CASE NO. 1:CR-00-228-02
                                 §   AFFIDAVIT: 28 U.S.C. § 1746
UNITED STATES OF AMERICA         §   RICHARD H. MIDDLETON, Jr.
                                 §   _____
                                 §

 

I, RICHARD H. MIDDLETON, Jr., swear under the penalty of perjury that the foregoing statements are truthful and correct.

Executed on _____.

 

I swear that when I was interviewed by the U.S. probation department regarding my presentence report and my sentencing in the above captioned case, I was not truthful in a number of relevant areas. Specifically, in Item #76 of my presentence report ("PSR") I told the interviewer that I had a favorable upbringing and home life in a middle income family with no noted dysfunction. Truthfully, my father, RICHARD MIDDLETON, Sr., was a crack addict and this was known to me, my mother, and my siblings. My father's addiction was constant source of money loss and family disruption. Since my federal incarceration my father has been incarcerated for crimes directly related to his addiction problems. My father's addiction directed the daily events in my family routine and to a great extent contributed to my criminal conduct.

The reason that I was untruthful during my PSR interview is because I was afraid that if the truth were known about how dysfunctional my family was that Children & Youth Services would take my sisters away from my parents. Additionally, even though I was in jail, I felt that if my father found out I had told the truth regarding his drug problems there was a good possibility he would find a way to physically abuse me.

Respectfully submitted,

_Richard Middleton_

RICHARD H. MIDDLETON, Jr.
#10249-067

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD H. MIDDLETON,Jr.          §   CASE NO. 1:CR-00-228-02

v.                                §   AFFIDAVIT: LINDA LEE MIDDLETON

UNITED STATES OF AMERICA          §

                                  §   _____


I LINDA LEE MIDDLETON swear that RICHARD H. MIDDLETON,Jr., is my biological son. I further swear that his father RICHARD H. MIDDLETON, Sr., was a crack addict. This addiction had adverse effects on my son's family life as well as his outside life. At no time when his father was at home was our house considered a normal home. Richard's father physically abused him at times because of his addiction. I personally know that Richard did not tell the probation people about his true family life because he was afraid that I and his father would lose custody of his sisters.

Executed on 3-24-08 .

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DARCIE A. NEIL, Notary Public
Boro of Carlisle, Cumberland County
My Commission Expires Nov. 24, 2009

LINDA LEE MIDDLETON



UNITED STATES GOVERNMENT

# MEMORANDUM

FEDERAL CORRECTIONAL INSTITUTION
ALLENWOOD, PA.

DATE: **10-28-2003**

REPLY TO
ATTN. OF: Christopher J. Moser, Correctional Counselor

SUBJECT: Achievement Recognition

TO: Whom it may concern

THE PURPOSE OF THIS MEMORANDUM IS TO RECOGNIZE THE TREMENDOUS AMOUNT OF TIME AND EFFORT THAT     INMATE RICHARD MIDDLETON PUT FORTH INTO TWO SEPARATE INSTITUTIONAL PROGRAM CALLED "KEEPING IT REAL" THAT RAN FOR 9 MONTHS AND ANOTHER INSTITUTIONAL PROGRAM CALLED "YOUNG ADULT DETERRENCE PROGRAM" WHICH HAS BEEN RUNNING FOR THE PAST 3 YEARS. THIS PROGRAM IS OFFERED TO THE AT-RISK YOUTH IN OUR SURROUNDING COMMUNITY. MR. MIDDLETON HAS BEEN A DEDICATED MEMBER OF BOTH PROGRAMS AND IS CURRENTLY THE LEAD FACILITATOR. MR. MIDDLETON WAS SELECTED FOR HIS WILLINGNESS TO MAKE WHATEVER SACRIFICES NECESSARY TO MAKE THE PROGRAM A SUCCESS.

IN MY OPINION, MR. MIDDLETON HAS EXHIBITED HIGH ACHIEVEMENT IN EDUCATING INMATES AND THE AT-RISK YOUTH IN THE FOLLOWING AREAS:

IMAGE                         CRIME AND PUNISHMENT
SELF-AWARENESS                SOCIAL RESPONSIBILITY
SELF-ESTEEM                   FAMILY AND FRIENDS
LIFE SKILLS                   CAREERS
CULTURE DIVERSITY             DRUGS AND ALCOHOL
PROBLEM SOLVING
CHANGE

MR. MIDDLETON IS A PLEASURE TO WORK WITH AND SHOWS VAST AMOUNTS OF PATIENCE WHILE WORKING WITH THE INMATES AND YOUTH IN THE PROGRAMS AND THE ADMINISTRATION. MR. MIDDLETON HAS DEDICATED HIS TIME AND EFFORT INTO MAKING THE "KEEPING IT REAL" AND "YADP" PROGRAMS A REAL SUCCESS. HE HAS DEDICATED MOST OF HIS FREE TIME INTO GATHERING INFORMATION THAT HAS PROVEN VITAL TO THE PROGRAM, HE HAS WILLINGLY GONE OUT OF HIS WAY IN ORDER TO HELP THE OTHER PROGRAM PARTICIPANTS. WITHOUT MR. MIDDLETON AND THE OTHER PROGRAM FACILITATORS, THE PROGRAMS WOULD NOT BE WHERE IT IS TODAY.

4/14/03

Dear Ricky Middleton;

We have received your letter and wish to assure you, we forgive you, as we know God does also. He always does when your request is sincere, and we believe yours definitely is.

Your effort with Y.A.D.P. is commendable. We hope you will continue with that program.

Please continue to pray for us and we will for you.

Sincerely,
Mr. & Mrs. Bacon

# Certificate of Completion

awarded to:

Richard Middleton Jr.

Successful Seminar Completion 2.0 hrs.

## From The Crack House to The White House

"Patience and perseverance have a magical effect before which difficulties disappear and obstacles vanish."

March 19, 2008
Date

FCI Marianna

*Psychology Services Dept.*

# Les Brown's YOU DESERVE!

(2 Hour Seminar)

*"Just about anything you desire can be yours if you put forth the energy, time, effort, and tenacity to go after it."*

## Presented to:

Richard Middleton Jr.

February 29, 2008

Deborah L. Willis, Psy.D.

Chief Psychologist



 PRISON
FELLOWSHIP.
*Ministries*

In recognition of participation in the seminar,

**" LOVING OTHERS "**

**RICHARD MIDDLETON**

a child of God, is hereby awarded this

## Certificate of Participation

"Be strong in the Lord and in his great power. Wear the full armor of God. Wear God's armor so that you can fight against the devil's evil tricks."
Ephesians 6:10-11 New Century Version

Charles W. Colson                          Instructor

Chaplain                                   July 4, 2001
                                           Date



 **PRISON FELLOWSHIP**®
*Ministries*

*In recognition of participation in the seminar,*

## "Love and War"

### Richard Middleton

*a child of God, is hereby awarded this*

## Certificate of Participation

*"Be strong in the Lord and in his great power. Wear the full armor of God. Wear God's armor so that you can fight against the devil's evil tricks."*
Ephesians 6:10-11 New Century Version

Charles W. Colson _____ Instructor _____

Chaplain _____ Date 4/28/01

1N810



 **PRISON**
**FELLOWSHIP.**
*Ministries*

In recognition of participation in the seminar,

### GROWING IN CHRIST

### RICHARD MIDDLETON

*a child of God, is hereby awarded this*

## Certificate of Participation

"Be strong in the Lord and in his great power. Wear the full armor of God. Wear God's armor so that you can fight against the devil's evil tricks."
Ephesians 6:10-11 New Century Version

Charles W. Colson                                    Instructor

William J. Heopy                                     1/26/02
Chaplain                                             Date

# CERTIFICATE OF APPRECIATION

## YOUNG ADULT DETERENCE PROGRAM

This certificate is given to

in appreciation for the contributions in helping to change the

lives of the young men who participate in

"The Young Adult Deterence Program"

You have helped to make a difference in other's lives.

Presented on June 2002

Chris Moser, Program Coordinator

Hattie P. Sims, Program Supervisor

Case 1:02-cr-00232-YK    Document 92    Filed 04/15/2008    Page 17 of 25

# CERTIFICATE OF ACHIEVEMENT

This certifies that



**Richard Middleton**

has satisfactorily completed

## C.D.L.

This certificate is hereby issued this 17th day of December 2002.

_S. Sorrell Ketring_
ACE Coordinator

_____
Education Supervisor

# THIS CERTIFICATE OF COMPLETION
## IS AWARDED TO

Richard Middleton

### FOR ATTENDING

**3** HOURS ON **February 15, 2001**

**PERRY HUMAN SERVICES AT THE PERRY COUNTY PRISON**

### SPONSORED BY

ON **Chemical Abuse and Domestic Violence** .

INSTRUCTOR

# Newport Business Institute

Williamsport, Pennsylvania
Continuing Education Center

07-Mar-06

**First Name:** R
**Last Name:** Middleton

**Learning Site:** FCI-Allenwood

**Federal Register #** 10249-067

| Term | Class | Letter Grade: | Credits | Credits Earned | Points |
|------|-------|--------------|---------|----------------|--------|
| Fall 2005 | Accounting 101 | A | 3 | 3 | 12 |
| | Business Law 101 | A | 3 | 3 | 12 |
| | | | | 3 | 0 |
| | | | | 3 | 0 |

| Term Credits 6 | Term Points 24 |
|----------------|----------------|
| | Term GPA    4.00 |

| Total Credits 6 | Total Points 24 |
|-----------------|-----------------|
| | QPA    4.00 |

_Michael J. Chenu_

**Authorized Signature**



# CERTIFICATE OF ACHIEVEMENT

*This certificate is awarded to*

*Richard Middleton*

For successful completion of the ACE Class

## Small Business

M. McKinght, ACE Coordinator

Facility Supervisor of Education

Date 3-06

Date 3/7/06

# CERTIFICATE OF ACHIEVEMENT

THIS CERTIFICATE IS PRESENTED TO

## Richard Middleton

FOR SUCCESSFUL COMPLETION OF

# BREAKING BARRIERS

M. Bijtenhender, Certified Facilitator
Date 4/5/07

Certified Facilitator
Date 4/5/07

J. Zielinski, Supervisor of Education
Date 4/6/07

CHANGE IS AN INSIDE JOB!
IF IT'S TO BE...IT'S UP TO ME!

# Certificate of Achievement

This certificate presented to:

*Richard Middleton*

10249-067

Has successfully completed the requirements of:

40 HOUR DRUG EDUCATION PROGRAM

August 2, 2001
Date

Michael R. Gildea M.S.Ed., C.A.C.

This Certifies that

# *Richard H. Middleton*

has completed a NOCTI Competency Assessment in the field of _____ Carpentry _____

and is awarded this

# *Certificate of Completion*

for participation in the occupational testing program conducted

in accordance with the standards of NOCTI and _____ F.C.I Allenwood _____

on this ____ 28th ____ day of ____ July, 2005 ____



_____

Supervisor of Education

_____

Vocational Training Instructor

John C. Foster, Ph.D., President/CEO
National Occupational Competency Testing Institute

**NOCTI**

500 North Bronson Avenue
Big Rapids, Michigan 49307



NATIONAL OCCUPATIONAL COMPETENCY TESTING INSTITUTE

## Participant Score Report
### Carpentry

Participant Name: MIDDLETON RICHARD H
Participant ID: 3619364285

Level: Post-Secondary
Site: FCI - Allenwood

State: Pennsylvania
Date: 5/31/2005

### Written Test

| | Pre-Test | Post-Test | % Change | Group | Site | State | Nation |
|---|---|---|---|---|---|---|---|
| Hand Tools | 9.1 | 63.6 | 54.5 | 74.5 | 74.8 | 73.5 | 75.0 |
| Power Tools | 0.0 | 75.0 | 75.0 | 70.6 | 70.3 | 71.0 | 75.5 |
| Blueprints & Specifications | 0.0 | 100.0 | 100.0 | 82.7 | 74.5 | 72.1 | 79.1 |
| Building Materials & Fasteners | 14.3 | 85.7 | 71.4 | 73.3 | 71.1 | 69.8 | 70.9 |
| Measuring & Layout Operations | 18.2 | 72.7 | 54.5 | 72.7 | 59.7 | 58.1 | 78.7 |
| Foundation, Forms & Concrete | 0.0 | 59.2 | 69.2 | 70.3 | 68.7 | 63.7 | 67.7 |
| Rough Framing | 0.0 | 92.3 | 92.3 | 86.8 | 80.7 | 76.8 | 75.4 |
| Exterior Finish | 8.3 | 91.7 | 83.4 | 88.3 | 80.5 | 72.3 | 70.7 |
| Interior Finish | 12.5 | 100.0 | 87.5 | 92.5 | 84.2 | 81.8 | 80.0 |
| Basic Mathematics | 35.7 | 85.7 | 50.0 | 63.8 | 80.7 | 78.0 | 77.1 |
| Interior System Installation | 0.0 | 50.0 | 50.0 | 66.7 | 70.9 | 64.0 | 67.9 |



NATIONAL OCCUPATIONAL COMPETENCY TESTING INSTITUTE

## Participant Score Report
### Carpentry

Participant Name: MIDDLETON RICHARD H
Participant ID: 3619364285

Level: Post-Secondary
Site: FCI - Allenwood

State: Pennsylvania
Date: 5/31/2005

### Performance Test

| | Participant | Group | Site-Cumulative | Site | State | Nation |
|---|---|---|---|---|---|---|
| Test & Material Identification | 91.4 | 78.3 | 79.7 | 79.7 | 81.4 | 82.8 |
| Square Layout | 88.0 | 84.5 | 88.3 | 88.6 | 81.9 | 85.6 |
| Builder's Level | 88.0 | 87.1 | 86.0 | 85.5 | 80.6 | 78.1 |
| Blueprint Reading/Sole Plate Layout | 61.3 | 63.4 | 67.0 | 65.5 | 65.0 | 66.1 |
| Rafter Layout | 100.0 | 87.2 | 83.7 | 82.8 | 79.1 | 77.8 |
| Stairway Stringer | 100.0 | 79.9 | 80.8 | 81.2 | 79.6 | 77.4 |
| Interior Window Frame | 76.4 | 79.3 | 79.5 | 79.3 | 78.7 | 71.5 |
| Total | 88.5 | 78.8 | 79.7 | 79.6 | 76.8 | 75.6 |

NOTE: All values represent % scored correct

Federal
P.O. Box 7007
Marianna, FL 32447

U.S. DISTRICT COURT

PANAMA CITY
9 APR 2008

Office of The Clerk
P.O. Box 983
228 Walnut St.
Harrisburg, PA 17108